[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION TO MODIFY AND FINAL RULING ON DEFENDANT'S MOTION FOR CONTEMPT
On August 13, 1999, the court granted the defendant's motion to hold the plaintiff in contempt for failing to pay alimony and reserved decision on the mode or manner of the plaintiffs payment of the arrearage and sanctions found to be owed pending hearing and consideration of the plaintiffs motion to modify. As explained below, the motion to modify is granted and the following additional orders are entered.
When judgment entered in 1977, the plaintiff was ordered to pay alimony of $100 a week. In 1981, this alimony was reduced to $75 a week when the court granted the plaintiffs motion to modify. Pursuant to the divorce decree, the alimony was reduced again to $50 a week in September 1994 when the youngest child became 18 years old. CT Page 672
After a review of the evidence, the court finds that there has been a substantial change in the parties' financial circumstances since 1981. See generally, C.G.S. Sec. 46b-86. Although the income, assets, expenses and liabilities of both parties have increased significantly since 1981, the court finds that the most striking change overall is the defendant's improved financial picture and her increased ability to support herself now as compared to 1981. See generally, Jacobsen v. Jacobsen,177 Conn. 259, 263-265 (1979) (modification of alimony warranted when the recipient was employed and no longer had custody obligations).
After consideration of the statutory factors as reflected by the evidence, with particular consideration of the defendant's present financial situation and her need for support; see generally, C.G.S. Sec. 46b-82; Borkowski v. Borkowski,228 Conn. 729, 737-738 (1994); the court finds that the alimony should be suspended and reduced to zero at the present time. In the exercise of the court's discretion and in light of the finding of contempt against the plaintiff this reduction shall not be applied retroactively as permitted under Section 46b-86 of the General Statutes.
The court previously found that the plaintiff owed an arrearage of $21,816 and the court awarded compensatory sanctions for the contempt of $3,100. If not sooner satisfied, the $21,816 arrearage shall be paid and satisfied by the plaintiff making payments of $50 a week for 25 weeks beginning from the date of this judgement, and thereafter, making payments of $100 a week until the arrearage is fully satisfied. If not sooner satisfied, the $3,100 sanction shall be paid and satisfied by the plaintiff making weekly payments of $100 a week beginning the week of January 30, 2000 until this sanction is fully satisfied, with a lump sum payment of $1,000 being made within 90 days. The court finds that the plaintiff has the ability to make these payments as ordered herein on the basis of his income and assets.
So ordered January 13, 2000.
Stevens, J.